IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Casselman, #324776, ) | C/A No. 0:09-2273-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| J. Anthony Padula, Warden; ) | **REPORT AND** |
| J.J. Brooks Jr., Asso. Warden; ) | **RECOMMENDATION** |
| Ms. Melton, Business Officer; ) | |
| Robert Ward, Regional Director; ) | |
| L. Bracy Simmons, Mail Room Director; ) | |
| Head of Medical Services Unknown Defendant #1; ) | |
| Head Grievance Coordinator at Lee C.I., ) | |
| Unknown Defendant #2, M. White; ) | |
| all sued in their official/individual capacities, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Plaintiff, Travis Casselman ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names SCDC employees at Lee Correctional Institution as Defendants.[1] Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating

a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff claims that his legal mail is being withheld "over 3 days for no good reason." Plaintiff also alleges that money has been taken from his prisoner trust account, but the Defendants refuse to inform Plaintiff why the account has been debited. Plaintiff seeks monetary damages for the Defendants' actions as well as injunctive relief and a written apology from the Director of the South Carolina Department of Corrections.

## DISCUSSION

Plaintiff claims that the Lee Correctional Institution ("LCI") mailroom inexplicably withholds Plaintiff's legal mail for several days before such mail is delivered to the Plaintiff. Plaintiff claims this "tampering and holding [Plaintiff's] legal mail" constitutes denial of court access. It is well established that to state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial.

*PJG*

See Lewis v. Casey, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); Michau v. Charleston Co., 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library). A plaintiff must make specific allegations as to the actual injury sustained. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Strickler v. Waters, 989 F.2d 1375, 1384 (4th Cir. 1993) (prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). The instant complaint contains no facts regarding any detriment suffered by the Plaintiff as a result of the LCI mailroom's alleged delay in delivering Plaintiff's legal mail. Thus, Plaintiff's claim that the Defendants have infringed his right of access to the courts is subject to summary dismissal.

Plaintiff next claims that money has been "[d]educted from [Plaintiff's] E.H. Cooper Trust Fund Account (Prisoner's Trust Account) over the last 18 months that I can't account for. . . .They take money from me when someone sends money, but they don't want to say what for." Thus, it appears Plaintiff is complaining about an unauthorized removal of money from his prisoner account, and the Defendants' failure to explain why such money is being taken. Liberally construed, Plaintiff may be stating a deprivation of property claim.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, the Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. Daniels v. Williams, 474 U.S. 327 (1986); Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995). Thus, to

the extent Plaintiff's claim sounds in negligence, he cannot bring this action under § 1983. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law).

Moreover, an *intentional* deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 et seq.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)). In the instant action, Plaintiff claims that money has been intentionally taken from his prisoner trust account, without explanation. While Plaintiff indicates that he has written Defendant Melton regarding this issue, Plaintiff provides no factual allegations to indicate that the withdrawals from his account were authorized or approved by prison policy or supervisory officials. As Plaintiff complains of an apparently unauthorized removal of money from his prisoner account, for which he has a meaningful post-deprivation remedy, Plaintiff's deprivation of property claim must fail.

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.

October 9, 2009  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).